1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MARY ALICE NELSON RODGERS,                    No.  2:22–cv–1799–DAD–CKD PS

12                   Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                    AND ORDER DENYING TRO
13          v.
                                                    (ECF No. )
14    JP MORGAN CHASE BANK,

15                   Defendant.

16

17          On October 27, 2022, plaintiff filed an emergency motion for a temporary restraining

18    order (TRO).  Plaintiff asks the court to enjoin defendant from executing an unlawful detainer.

19    (ECF No. 6 at 1).  The undersigned recommends denying plaintiff's motion because plaintiff is

20    unlikely to succeed on the merits of her claim.  Further, plaintiff is ordered to show cause why the

21    case should not be dismissed and why a pre-filing vexatious litigant order should not be entered

22    barring her from filing further cases against this defendant regarding the property.

23          **I.    BACKGROUND**

24          Plaintiff is a serial litigant who has filed three prior actions arising from the foreclosure on

25    her now-former residential mortgage.  See 2:21-cv-02151-JAM-KJN; 2:21-cv-1809-JAM-AC;

26    2:21-cv-1908-JAM-KJN.  In June 2019, plaintiff defaulted on the residential mortgage payments

27    owed to JP Morgan Chase.  See e.g., 2:21-cv-02151-JAM-KJN.  JP Morgan Chase foreclosed on

28    the residence in October 2021 after plaintiff defaulted on the residential mortgage payments

                                                    1

1    owed.  Id.  In October 2021, plaintiff filed three lawsuits in an attempt to remedy the foreclosure;

2    these lawsuits were all dismissed with prejudice.  See 2:21-cv-02151-JAM-KJN (dismissing

3    claim to quiet title because plaintiff did not pay her mortgage preventing her from stating a claim

4    to quiet title against JP Morgan Chase); 2:21-cv-1809-JAM-AC; (dismissing for failure to state a

5    claim); and (2:21-cv-1908-JAM-KJN) (dismissing the case on res judicata principles and denying

6    leave to amend).

7           On October 11, 2022, plaintiff filed the current action against defendant, JP Morgan

8    Chase Bank.  (See ECF No. 1.)  From what the court can tell, plaintiff seeks to quiet title on her

9    former Sacramento home upon which defendant JP Morgan Chase foreclosed in October 2021.

10   (ECF No. 1.)  It appears from plaintiff's submissions that defendant has filed an unlawful detainer

11   action against plaintiff in California Superior Court.  (ECF No. 6 at 4.)  Plaintiff filed an

12   emergency request for a TRO on October 27, 2022, seeking to enjoin defendant from executing

13   the unlawful detainer action.  (Id. at 1.)

14          **II.    DISCUSSION**

15       A.  Findings and Recommendation Denying Plaintiff's TRO Motion

16          Plaintiff's emergency request for a TRO asks the court to enjoin defendant from executing

17   an unlawful detainer.  The standard for issuing a TRO is similar to the standard for issuing a

18   preliminary injunction and requires that the party seeking relief show either "(1) a combination of

19   likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious

20   questions going to the merits are raised and the balance of hardships tips sharply in favor of the

21   moving party."  Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.,

22   2006 WL 5003362, *2, (S.D. Cal. Jan. 26, 2006) (citing Immigrant Assistance Project of the L.A.

23   County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir.2002)).  "[T]hese two formulations

24   represent two points on a sliding scale in which the required degree of irreparable harm increases

25   as the probability of success decreases."  Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.,

26   448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  The underlying purpose of a TRO is to

27   preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may

28   be held.  Granny Goose Foods, 415 U.S. at 439 (1974); see also Reno Air Racing Ass'n v.

1    McCord, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

2          Because plaintiff is proceeding without counsel, it is difficult to understand the nature of

3    the claims before this court.  As with her three prior claims, it appears plaintiff's underlying

4    complaint seeks to remedy the foreclosure on her former residential mortgage.  (See ECF No. 1 at

5    6.)  To the extent plaintiff's claim concerns defendant's foreclosure on her mortgage, plaintiff's

6    emergency motion for TRO should be denied because her claim is precluded by res judicata

7    principles.  However, to the extent plaintiff is trying to allege something having to do with the

8    unlawful detainer case, (ECF No. 6), the TRO should be denied because the court has no subject

9    matter jurisdiction over such claim.

10                    1.   Any foreclosure claim is likely to be dismissed based on res judicata.

11          Res judicata (claim preclusion) principles preclude plaintiff from bringing claims based on

12    the same facts that have been the subject of a prior final judgment on the merits.  To establish

13    claim preclusion the following is considered: (1) an identity of claims between the two cases; (2)

14    the existence of a final judgment on the merits; and (3) identity or privity of the parties.  See Cell

15    Therapeutics, 586 F.3d at 1212.  Determining whether there is an identity of claims involves

16    consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus

17    of facts; (2) whether rights or interests established in the prior judgment would be destroyed or

18    impaired by prosecution of the second action; (3) whether the two suits involve infringement of

19    the same right; and (4) whether substantially the same evidence is presented in the two actions.

20    See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010).  Reliance

21    on the first factor is especially appropriate because the factor is "outcome determinative."  Id.

22          The current claim and the claims at issue in 2:21-cv-02151-JAM-KJN, 2:21-cv-1809-

23    JAM-AC, and 2:21-cv-1908-JAM-KJN all arise from the same transactional nucleus of facts:

24    reversing the foreclosure of the property by defendant. (See ECF No. 1 at 6.)  Cf. 2:21-cv-1809-

25    JAM-AC, 2:21-cv-1908-JAM-KJN, and 2:21-cv-02151-JAM-KJ.  All three prior claims resulted

26    in a final judgment against plaintiff.  Accordingly, the undersigned finds each factor in the claim

27    preclusion analysis, and each sub-factor regarding the identity of claims, satisfied.  Because

28    plaintiff's current case will likely be dismissed on res judicata principles, it is unlikely to be

                                              3

1   successful on the merits.

2           2.   <u>Plaintiff's unlawful detainer case is likely to be dismissed for lack of subject</u>

3                <u>matter jurisdiction</u>

4           To the extent that plaintiff is attempting to challenge the unlawful detainer case she seeks

5   to enjoin through her TRO, courts have consistently held these cases are for state court alone.  An

6   unlawful detainer claim such as the one asserted by plaintiff here does not raise a federal

7   question.  <u>See</u> e.g., <u>Litton Loan Servicing, L.P. v. Villegas, No</u>. C 10-05478 PJH, 2011 WL

8   204322, at *2 (N.D. Cal. Jan. 21, 2011) (remanding unlawful detainer action to state court based,

9   in part, on lack of federal question jurisdiction).  Further, the amount in controversy does not

10  exceed the diversity jurisdiction threshold of $75,000.  <u>See</u> 28 U.S.C. §§ 1332, 1441(b); <u>Cohn v.</u>

11  <u>Petsmart</u>, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive

12  relief, it is well established that the amount in controversy is measured by the value of the object

13  of the litigation."); <u>Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 170 (1977) ("[I]n unlawful-

14  detainer actions, the title to the property is not the object of the litigation —only the right to

15  possession."); <u>see</u> <u>also</u>, e.g., <u>Litton Loan Servicing, L.P. v. Villegas</u>, 2011 WL 204322 (N.D. Cal.

16  Jan. 21, 2011) (finding the amount in controversy lacking in an unlawful detainer case removed to

17  federal court, and noting those damages would amount to "the reasonable value for the use and

18  occupancy of the Property.")

19      B.  <u>Order to Show Cause Regarding Dismissal and Vexatious Litigant Order</u>

20          Given the court's analysis above, it is not clear plaintiff has any claims she can pursue in

21  federal court.  As discussed above, plaintiff's claims regarding her foreclosure would be barred

22  by claim preclusion principles. "[I]f a court is on notice that it has previously decided the issue

23  presented, the court may dismiss the action sua sponte, even though the defense has not been

24  raised. This result is fully consistent with the policies underlying res judicata: it is not based

25  solely on the defendant's interest in avoiding the burdens of twice defending a suit but is also

26  based on the avoidance of unnecessary judicial waste." <u>See</u> <u>Arizona v. California</u>, 530 U.S. 392

27  (2000) (quoting <u>United States v. Sioux Nation</u>, 448 U.S. 371, 432 (1980)).  To the extent that

28  plaintiff seeks to challenge the unlawful detainer action, court does not have jurisdiction over

1    such a claim as it does not raise a federal question.  See e.g., Litton, 2011 WL 204322, at *2,

2    supra.  Thus, plaintiff is ordered to show cause why this federal case should not be dismissed due

3    to the previous dismissals and lack of subject matter jurisdiction.

4          Further, plaintiff is ordered to show cause why a vexatious litigant order should not be

5    entered against her concerning her mortgage, foreclosure proceedings, and the like.  As noted in

6    the background section, plaintiff has attempted three separate times to file cases against JP

7    Morgan Chase in her attempts to remain in her home.  The court sympathizes with plaintiff's

8    plight but notes that she has been told in each of the prior cases that her claims are not cognizable

9    in federal court.  See 2:21-cv-02151-JAM-KJN, 2:21-cv-1908-JAM-KJN, 2:21-cv-1809-JAM-

10   AC.  Despite this, plaintiff continues to file cases in this court concerning the property.  Although

11   pre-filing orders are to be used sparingly, the court has authority to prevent a plaintiff from filing

12   cases where they abuse the judicial process.  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th

13   Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one

14   person to preempt the use of judicial time that properly could be used to consider the meritorious

15   claims of other litigants.")  Plaintiff's continued filings may leave the court with little choice but

16   to enter a pre-filing order barring her from filing any case against JP Morgan Chase concerning

17   this property in the future.  Plaintiff shall respond to the court's position alongside her responses

18   to the undersigned's findings and recommendations on the TRO and order to show cause why this

19   case should not be dismissed.

## ORDER

21        Plaintiff shall, within 14 days, show cause:

22        1.  Why the current case should not be dismissed; and

23        2.  Why a pre-filing vexatious litigant order should not be entered.

## RECOMMENDATIONS

25        It is further RECOMMENDED that plaintiff's emergency motion for temporary

26   restraining order be DENIED.

27        These findings and recommendations are submitted to the United States District Judge

28   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

1   days after being served with these findings and recommendations, any party may file written

2   objections with the court and serve a copy on all parties.  Such a document should be captioned

3   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4   shall be served on all parties and filed with the court within fourteen (14) days after service of the

5   objections.  The parties are advised that failure to file objections within the specified time may

6   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

7   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

8   Dated: October 28, 2022

9

10  _____
    CAROLYN K. DELANEY
11  UNITED STATES MAGISTRATE JUDGE

12

13

14
    RS, nels.1799
15

16

17

18

19

20

21

22

23

24

25

26

27

28