UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK,<br><br>Defendant. | No. 2:22–cv–1799–DAD–CKD PS<br><br>AMENDED FINDINGS AND RECOMMENDATIONS<br>AND ORDER DENYING TRO [1] |

On October 27, 2022, plaintiff filed an emergency motion for a temporary restraining order (TRO). Plaintiff asks the court to enjoin defendant from executing an unlawful detainer. (ECF No. 6 at 1). The undersigned recommends denying plaintiff's motion because plaintiff is unlikely to succeed on the merits of her claim. Further, plaintiff is ordered to show cause why the case should not be dismissed and why a pre-filing vexatious litigant order should not be entered barring her from filing further cases against this defendant regarding the property.

**I.  BACKGROUND**

Plaintiff is a serial litigant who has filed three prior actions arising from the foreclosure on her now-former residential mortgage. See 2:21-cv-02151-JAM-KJN; 2:21-cv-1809-JAM-AC; 2:21-cv-1908-JAM-KJN. In June 2019, plaintiff defaulted on the residential mortgage payments

---

[1] This amended Findings and Recommendations corrects the spelling of plaintiff's last name.

1

owed to JP Morgan Chase.  See e.g., 2:21-cv-02151-JAM-KJN.  JP Morgan Chase foreclosed on the residence in October 2021 after plaintiff defaulted on the residential mortgage payments owed.  Id.  In October 2021, plaintiff filed three lawsuits in an attempt to remedy the foreclosure; these lawsuits were all dismissed with prejudice.  See 2:21-cv-02151-JAM-KJN (dismissing claim to quiet title because plaintiff did not pay her mortgage preventing her from stating a claim to quiet title against JP Morgan Chase); 2:21-cv-1809-JAM-AC; (dismissing for failure to state a claim); and (2:21-cv-1908-JAM-KJN) (dismissing the case on res judicata principles and denying leave to amend).

On October 11, 2022, plaintiff filed the current action against defendant, JP Morgan Chase Bank.  (See ECF No. 1.)  From what the court can tell, plaintiff seeks to quiet title on her former Sacramento home upon which defendant JP Morgan Chase foreclosed in October 2021.  (ECF No. 1.)  It appears from plaintiff's submissions that defendant has filed an unlawful detainer action against plaintiff in California Superior Court.  (ECF No. 6 at 4.)  Plaintiff filed an emergency request for a TRO on October 27, 2022, seeking to enjoin defendant from executing the unlawful detainer action.  (Id. at 1.)

**II.   DISCUSSION**

A. Findings and Recommendation Denying Plaintiff's TRO Motion

Plaintiff's emergency request for a TRO asks the court to enjoin defendant from executing an unlawful detainer.  The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc., 2006 WL 5003362, *2, (S.D. Cal. Jan. 26, 2006) (citing Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir.2002)).  "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  The underlying purpose of a TRO is to

preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. Granny Goose Foods, 415 U.S. at 439 (1974); see also Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

Because plaintiff is proceeding without counsel, it is difficult to understand the nature of the claims before this court. As with her three prior claims, it appears plaintiff's underlying complaint seeks to remedy the foreclosure on her former residential mortgage. (See ECF No. 1 at 6.) To the extent plaintiff's claim concerns defendant's foreclosure on her mortgage, plaintiff's emergency motion for TRO should be denied because her claim is precluded by res judicata principles. However, to the extent plaintiff is trying to allege something having to do with the unlawful detainer case, (ECF No. 6), the TRO should be denied because the court has no subject matter jurisdiction over such claim.

        1. <u>Any foreclosure claim is likely to be dismissed based on res judicata.</u>

Res judicata (claim preclusion) principles preclude plaintiff from bringing claims based on the same facts that have been the subject of a prior final judgment on the merits. To establish claim preclusion the following is considered: (1) an identity of claims between the two cases; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties. See Cell Therapeutics, 586 F.3d at 1212. Determining whether there is an identity of claims involves consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. See ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010). Reliance on the first factor is especially appropriate because the factor is "outcome determinative." Id.

The current claim and the claims at issue in 2:21-cv-02151-JAM-KJN, 2:21-cv-1809-JAM-AC, and 2:21-cv-1908-JAM-KJN all arise from the same transactional nucleus of facts: reversing the foreclosure of the property by defendant. (See ECF No. 1 at 6.) Cf. 2:21-cv-1809-JAM-AC, 2:21-cv-1908-JAM-KJN, and 2:21-cv-02151-JAM-KJ. All three prior claims resulted in a final judgment against plaintiff. Accordingly, the undersigned finds each factor in the claim

preclusion analysis, and each sub-factor regarding the identity of claims, satisfied. Because plaintiff's current case will likely be dismissed on res judicata principles, it is unlikely to be successful on the merits.

    2. <u>Plaintiff's unlawful detainer case is likely to be dismissed for lack of subject matter jurisdiction</u>

  To the extent that plaintiff is attempting to challenge the unlawful detainer case she seeks to enjoin through her TRO, courts have consistently held these cases are for state court alone. An unlawful detainer claim such as the one asserted by plaintiff here does not raise a federal question. <u>See</u> e.g., <u>Litton Loan Servicing, L.P. v. Villegas, No</u>. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (remanding unlawful detainer action to state court based, in part, on lack of federal question jurisdiction). Further, the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. <u>See</u> 28 U.S.C. §§ 1332, 1441(b); <u>Cohn v. Petsmart</u>, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); <u>Evans v. Superior Court</u>, 67 Cal. App. 3d 162, 170 (1977) ("[I]n unlawful-detainer actions, the title to the property is not the object of the litigation —only the right to possession."); <u>see</u> <u>also</u>, e.g., <u>Litton Loan Servicing, L.P. v. Villegas</u>, 2011 WL 204322 (N.D. Cal. Jan. 21, 2011) (finding the amount in controversy lacking in an unlawful detainer case removed to federal court, and noting those damages would amount to "the reasonable value for the use and occupancy of the Property.")

 B. <u>Order to Show Cause Regarding Dismissal and Vexatious Litigant Order</u>

  Given the court's analysis above, it is not clear plaintiff has any claims she can pursue in federal court. As discussed above, plaintiff's claims regarding her foreclosure would be barred by claim preclusion principles. "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit but is also based on the avoidance of unnecessary judicial waste." See <u>Arizona v. California</u>, 530 U.S. 392

(2000) (quoting <u>United States v. Sioux Nation</u>, 448 U.S. 371, 432 (1980)).  To the extent that plaintiff seeks to challenge the unlawful detainer action, court does not have jurisdiction over such a claim as it does not raise a federal question.  See <u>e.g.</u>, <u>Litton</u>, 2011 WL 204322, at *2, <u>supra</u>.  Thus, plaintiff is ordered to show cause why this federal case should not be dismissed due to the previous dismissals and lack of subject matter jurisdiction.

Further, plaintiff is ordered to show cause why a vexatious litigant order should not be entered against her concerning her mortgage, foreclosure proceedings, and the like.  As noted in the background section, plaintiff has attempted three separate times to file cases against JP Morgan Chase in her attempts to remain in her home.  The court sympathizes with plaintiff's plight but notes that she has been told in each of the prior cases that her claims are not cognizable in federal court.  <u>See</u> 2:21-cv-02151-JAM-KJN, 2:21-cv-1908-JAM-KJN, 2:21-cv-1809-JAM-AC.  Despite this, plaintiff continues to file cases in this court concerning the property.  Although pre-filing orders are to be used sparingly, the court has authority to prevent a plaintiff from filing cases where they abuse the judicial process.  <u>De Long v. Hennessey</u>, 912 F.2d 1144, 1146 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.")   Plaintiff's continued filings may leave the court with little choice but to enter a pre-filing order barring her from filing any case against JP Morgan Chase concerning this property in the future.  Plaintiff shall respond to the court's position alongside her responses to the undersigned's findings and recommendations on the TRO and order to show cause why this case should not be dismissed.

## ORDER

Plaintiff shall, within 14 days, show cause:

1. Why the current case should not be dismissed; and
2. Why a pre-filing vexatious litigant order should not be entered.

## RECOMMENDATIONS

It is further RECOMMENDED that plaintiff's emergency motion for temporary restraining order be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: November 2, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

RS, nels.1799