UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK,<br><br>Defendant. | No. 2:22–cv–1799–DAD–CKD PS<br><br>ORDER DENYING MOTION TO DISMISS<br><br>(ECF No. 17) |

On October 11, 2022, plaintiff, Mary Alice Nelson Rogers, filed this action seeking to quiet title to her former residence against defendant, JP Morgan Chase Bank. (See ECF No. 1.)

I.  Factual and Procedural History

Plaintiff is a serial litigant who has filed three prior actions arising from foreclosure on her now-former residential mortgage. See 2:21-cv-02151-JAM-KJN; 2:21-cv-1809-JAM-AC; 2:21-cv-1908-JAM-KJN. In October 2021, plaintiff filed three lawsuits in an attempt to remedy the foreclosure; these lawsuits were all dismissed with prejudice. See 2:21-cv-02151-JAM-KJN (dismissing claim to quiet title because plaintiff did not pay her mortgage prevents her from stating a claim to quiet title against JP Morgan Chase); 2:21-cv-1809-JAM-AC; (dismissing for failure to state a claim); and (2:21-cv-1908-JAM-KJN) (dismissing the case on res judicata principles and denying leave to amend).

On October 27, 2022, plaintiff filed an emergency request for a temporary restraining

order (TRO) seeking to enjoin defendant from executing an unlawful detainer action. (ECF No. 6 at 1.)

On November 3, 2022, the court issued an amended order to show cause (OSC) denying plaintiff's TRO and ordering plaintiff to show cause by November 17, 2022 why this action should not be dismissed and why plaintiff should not be deemed a vexatious litigant. (ECF No. 11.) On November 7, 2022, plaintiff appealed the court's TRO determination. (ECF No. 14, Notice of Appeal.) To date, plaintiff has not responded to the OSC issued by the court on November 3, 2022. Further, the Ninth Circuit Court of Appeals has not yet issued a decision on plaintiff's TRO appeal.

On November 14, 2022, defendant filed a motion to dismiss based on the issues addressed by the court in its order to show cause (res judicata, failure to state a claim, and whether a vexatious litigant order should be issued). (Id.) (See ECF No. 17.) Defendant scheduled a hearing on the motion for December 21, 2022. (See ECF No. 17.)

II.     Discussion

At this time, and without addressing the merits of defendant's motion, the court denies defendant's motion to dismiss without prejudice. "A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." Langley v. Guiding Hands Sch., Inc., No. 220CV00635TLNKJN, 2022 WL 605358, at *2 (E.D. Cal. Mar. 1, 2022), citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

The issues set forth in defendant's motion are nearly identical to the issues set forth in the court's order to show cause (OSC). In addition, the court is currently awaiting plaintiff's response to the order to show cause issued on November 3, 2022, as well as the Ninth Circuit court of appeals' determination on plaintiff's TRO appeal. Therefore, the court dismisses defendant's motion to dismiss, without prejudice, in the interest of judicial economy.

/////

/////

/////

## ORDER

Accordingly, defendant's motion to dismiss is DENIED without prejudice and the December 21, 2022 hearing is VACATED. Defendant may renew its motion upon resolution of the TRO appeal and plaintiff's response to the OSC.

Dated: November 17, 2022

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21, nels.1799

3