UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>        Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK,<br><br>        Defendant. | No.  2:22–cv–1799–DAD–CKD PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS WITH PREJUDICE AND TO  DECLARE PLAINTIFF A VEXATIOUS LITIGANT |

Plaintiff Mary Alice Nelson Rogers, proceeding without counsel, brings suit against defendant JP Morgan Chase Bank "Chase" concerning her former residential mortgage.[1] Nelson Rogers v. JP Morgan Chase Bank, 2:22-cv-01799-DAD-CKD (hereinafter "Nelson Rogers IV"), at ECF No. 1.  After a review of the record, the undersigned recommends that this action be dismissed with prejudice.  Further, the undersigned finds plaintiff to be a repeat, serial litigant whose multiple suits against Chase have made it clear that she will continue to inundate this district with frivolous litigation against Chase.  Therefore, the undersigned also recommends that plaintiff be deemed a vexatious litigant and a pre-filing order be instituted against her barring her from filing further cases against Chase concerning her former house and mortgage.

////

---

[1] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636; Fed. R. Civ. P. 72.

1

I. <u>Factual Background</u>

A. <u>Chase's foreclosure on plaintiff's former home</u>

Plaintiff previously resided at 2072 50th Avenue, Sacramento, California, in Sacramento County. <u>Nelson Rogers IV</u>, ECF No. 1 at 2. In 2007, plaintiff secured a home equity line of credit on the home with Washington Mutual Bank. <u>Nelson Rogers v. Washington Mutual Bank, et al.</u>, 2:21-cv-02151-JAM-KJN (hereinafter "<u>Nelson Rogers III</u>"), ECF No. 1-1 at 201.[2] In 2008, Washington Mutual Bank was taken into receivership and later purchased by Chase. <u>Nelson Rogers III</u> at ECF No. 7-2. Plaintiff began making mortgage payments to Chase in 2009. <u>Id.</u>, ECF No. 1-1 at 201-202. In June 2019, plaintiff stopped making payments on the loan. See <u>Nelson Rogers IV</u> at ECF No. 7-4.

Chase foreclosed on the home and purchased the home in a foreclosure sale in October 2021. See <u>id.</u>, ECF No. 1 at 14; <u>Nelson Rogers III</u>, Nos. 7-4 and 12-2 at 17-31. Thereafter, plaintiff began filing a series of lawsuits against Donna Allred, the Sacramento County Clerk Recorder; Washington Mutual Bank; and the defendant in this case, JP Morgan Chase.

B. <u>Plaintiff's lawsuits, motions, and filings</u>

1. <u>Nelson Rogers I</u>

In <u>Nelson Rogers v. Allred</u>, plaintiff brought suit against Donna Allred, the Sacramento County Clerk Recorder, for alleged constitutional violations. 2:21-cv-01809-JAM-AC (hereinafter "<u>Nelson Rogers I</u>")[3] Magistrate Judge Claire determined that plaintiff's complaint failed to state a claim, as it contained largely conclusory statements, boilerplate language and legalese, and lacked sufficient factual support. <u>Id.</u>, ECF No. 1 at 5-8. Plaintiff's sole factual assertion was the following: "The County Clerk Recorder of Sacramento County has allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson Rogers, while at the same time denying the use of its public services to the Plaintiff, Mary

---

[2] "[A] court may take judicial notice of its own records in other cases[.]" <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Although plaintiff did not name Chase as a defendant in <u>Nelson Rogers I</u>, the court finds this case relevant to the vexatious litigant order below, at Part III.

2

1   Alice Nelson Rogers." Id., ECF No. 1 at 5.

2       On October 12, 2021, plaintiff requested entry of default against Donna Allred, and the
3   clerk of court entered default. Id. at ECF Nos. 9, 10. On November 19, 2021, plaintiff moved for
4   default judgment. Id. at ECF No. 11. On November 29, 2021, plaintiff again moved for default
5   judgment, this time setting a hearing date for January 5, 2022. Id. at ECF No. 12.

6       On December 2, 2021, Magistrate Judge Claire issued an order to show cause why
7   plaintiff's complaint should not be dismissed for failure to state a claim, stating that plaintiff's
8   conclusory statements were insufficient to state a claim for relief. Id., ECF No. 13 at 2. The
9   court noted that plaintiff could discharge the order to show cause by filing an amended complaint
10  alleging a sufficient factual basis for plaintiff's claims. Id., ECF No. 13 at 3.

11      On December 10, 2021, plaintiff filed an amended complaint. Id. at ECF No. 14. After
12  reviewing the complaint and concluding that plaintiff failed to make sufficient factual assertions,
13  Magistrate Judge Claire gave plaintiff a second opportunity to amend. Id. at ECF No. 16.
14  Plaintiff was provided with the pleading standards under Federal Rule of Civil Procedure 8 and
15  the elements of a claim under 42 U.S.C. § 1983, and directed to submit a second amended
16  complaint that "briefly but plainly identif[ied] the discriminatory acts for which plaintiff seeks
17  relief, and the factual basis for each claim." Id., ECF No. 16 at 5.

18      Plaintiff's second amended complaint, filed on January 5, 2022, did not comply with the
19  court's instructions. Magistrate Judge Claire determined that the second amended complaint was
20  substantially similar to the first amended complaint, as it contained many conclusory statements,
21  but lacked any detail as to what allegedly illegal act was committed by the defendant. Id. at ECF
22  No. 18. Having provided plaintiff with two opportunities to amend, Magistrate Judge Claire
23  recommended the claims be dismissed with prejudice for failure to state a claim. Id. District
24  Judge Mendez adopted Magistrate Judge Claire's findings and recommendations and dismissed
25  the second amended complaint with prejudice on February 9, 2022. Id. at ECF Nos. 18, 19.

26      2. Nelson Rogers II

27      In October 2021, in Nelson Rogers v. Allred, et al., plaintiff filed a complaint against
28  Chase in this court. 2:21-cv-01908-JAM-KJN [hereinafter "Nelson Rogers II"] at ECF No. 1.

Plaintiff asserted claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud and/or negligent misrepresentation; (4) negligence; and (5) violation of an unfair competition statute. Id. On October 14, 2021, Chase removed the case to this court. Id. at ECF No. 1. Chase filed a motion to dismiss for failure to state a claim on November 18, 2021. Id. at ECF No. 18.

On December 17, 2021, plaintiff filed a first amended complaint, containing the same claims that she raised in Nelson Rogers I. Nelson Rogers II, ECF No. 21 at 7 ("The County Clerk Recorder of Sacramento County has allowed the use of its public facilities to corporations seeking to harm the Trust and Estate of Mary Alice Nelson Rogers, while at the same time denying the use of its public services to the Plaintiff, Mary Alice Nelson Rogers.")[4] Cf. Nelson Rogers I, ECF No. 1 at 5. Plaintiff also filed a document entitled "motion to amend." Id. at ECF No. 20.

After a hearing on January 25, 2022, Magistrate Judge Newman determined that res judicata (claim preclusion) principles barred plaintiff from relitigating the same claims brought in prior cases. The court stated, "though plaintiff failed to state facts to support these claims in [Nelson Rogers I], it is clear both cases arise from the same nucleus of facts: the recording of certain notices related to the default and foreclosure sale in September 2021." Id., ECF No. 30 at 5. Thus Magistrate Judge Newman recommended dismissal of plaintiff's first amended complaint. Id. at ECF No. 30, 36. District Judge Mendez adopted Magistrate Judge Newman's findings and recommendations and dismissed plaintiff's complaint on res judicata principles.

Plaintiff subsequently filed an appeal. Id. at ECF No. 38. The Ninth Circuit dismissed plaintiff's appeal for failure to prosecute on August 10, 2022. Id. at ECF No. 41. Plaintiff filed a motion for reconsideration on November 3, 2022, which the court denied. Id. at ECF Nos. 42, 43.

3. Nelson Rogers III

On October 18, 2021, in Nelson Rogers III, plaintiff filed claims against Chase in state court seeking to quiet title to her residential property. Nelson Rogers III at ECF No. 1. In November, and prior to service, Chase removed the case to this court, and moved to dismiss. Id.

---

[4] Because plaintiff did not assert the claims in her original complaint, the court deemed the original allegations abandoned. Nelson Rogers II at ECF No. 30.

at ECF Nos. 1, 6, 7.  As with the complaints filed in Nelson Rogers I and Nelson Rogers II, plaintiff's complaint contained a significant amount of boilerplate, legalese, and other irrelevant information.  See Nelson Rogers III, ECF No. 1-1 at 200 (discussing "false debt collection" and Chase's failure to "validate the debt" pursuant to the Fair Debt Collections Practices Act).  In December 2021, plaintiff moved to remand.  Id. at ECF Nos. 11, 14.  In January 2022, Chase opposed remand.  Id. at ECF No. 17.  Plaintiff replied, seeking to strike Chase's affirmative defenses.  Id. at ECF Nos. 25, 26.  Magistrate Judge Newman heard the motion to remand and motion to dismiss at the January 25, 2022 hearing.[5]  Id. at ECF No. 27.

Magistrate Judge Newman determined that Chase's removal was proper and dismissed plaintiff's complaint for failure to state a claim.  Id. at ECF No. 30.  Magistrate Judge Newman found that plaintiff had no viable quiet title action as the judicially-noticed documents demonstrated that plaintiff had stopped paying her mortgage in 2019, was notified of the default and election to sell, and no longer owned the property.  Id., ECF No. 30 at 8.  On March 16, 2022, District Judge Mendez adopted Magistrate Judge Newman's findings and recommendation that the complaint be dismissed with prejudice.  Nelson Rogers III at ECF No. 38.

Plaintiff appealed the court's decision on March 30, 2022.  Id. at ECF No. 32. The Ninth Circuit subsequently dismissed plaintiff's appeal of the judgment for failure to prosecute.  Id. at ECF No. 46.

On May 4, 2022, plaintiff submitted an additional filing entitled "judicial notice of exercise of right to set off."  Id., ECF No. 45 at 1.  Each page was titled "special private priority not for public record under seal."  Id.  The clerk of court held the filing until the court could review plaintiff's filing to determine what plaintiff intended to submit, ultimately concluding that plaintiff intended to submit a request to seal the filing.  Id.  Plaintiff's request to seal the filing was denied, and the court advised plaintiff that no orders would issue in response to future frivolous filings.  Id.

/////

---

[5] The court heard arguments in Nelson Rogers II and Nelson Rogers III at the same January 25, 2022 hearing.

4. Nelson Rogers IV

On October 11, 2022, plaintiff filed the current action, Nelson Rogers IV, against Chase. Nelson Rogers IV at ECF No. 1. As with plaintiff's complaint in Nelson Rogers III, plaintiff seeks to quiet title to her former residence.[6] Nelson Rogers IV, ECF No. 1 at 6 ("Plaintiff respectfully requests that a judgement and order be issued to defendants, and their agents and employees to take all actions necessary to cure any title defects and clear any improper liens resulting from the deceptive acts and practices employed by defendants.").

On October 27, 2022, plaintiff filed an emergency request for a temporary restraining order (TRO) seeking to enjoin Chase from executing an unlawful detainer action. Id., ECF No. 6 at 1. On November 3, 2022, the court denied plaintiff's TRO and issued an order to show cause why this action should not be dismissed under res judicata principles and why plaintiff should not be deemed a vexatious litigant. Id. at ECF No. 11. Plaintiff filed an appeal of the court's TRO determination on November 7, 2022. ECF No. 14. The court of appeals dismissed plaintiff's appeal for lack of jurisdiction on December 16, 2022. Id. at ECF No. 22. Plaintiff did not respond to the order to show cause.

On November 14, 2022, Chase filed a motion to dismiss based on res judicata. Id. at ECF No. 17. On November 17, 2022, the court denied Chase's motion to dismiss without prejudice given the pending appeal of the TRO denial and outstanding order to show cause. (Id. at ECF No. 19.)

5. Nelson Rogers V

Plaintiff's most recent action before this court was filed on October 31, 2022. Nelson Rogers v. JP Morgan Chase, et al., 22-cv-1954-TLN-CKD [hereinafter "Nelson Rogers V"]. Plaintiff's complaint alleges fraud and illegal and deceptive acts practices along with Fourth Amendment violations. Nelson Rogers V, ECF No. 1. Plaintiff filed an amended complaint on January 3, 2023. Id. at ECF No. 7. This case is currently pending.

---

[6] The complaint's caption styles the action as a complaint for the conversion of property; it states the dates of the foreclosure sale and the execution of the trustees' deed of sale as the method by which Chase allegedly converted the property. See Nelson Rogers IV, ECF No. 1.

1        II.      DISMISSAL OF THE CURRENT CLAIMS UNDER RES JUDICATA

Res judicata precludes plaintiffs from bringing claims based on the same facts that have been the subject of a prior final judgment on the merits.  To establish claim preclusion the following is considered: (1) an identity of claims between the two cases; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties.  Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2009), as amended on denial of reh'g and reh'g en banc (Jan. 6, 2010).  Determining whether there is an identity of claims involves consideration of four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." ProShipLine, Inc. v. Aspen Infrastructure Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (quoting Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005)).  Reliance on the first factor is especially appropriate because the factor is "outcome determinative."  Id.

Plaintiff's claims in this case are identical to the claims raised in Nelson Rogers III, and at the core of the claims in Nelson Rogers I and Nelson Rogers II: plaintiff's attempts to quiet title to her former property and reverse the foreclosure of the property by Chase.  Nelson Rogers IV, ECF No. 1 at 6; Nelson Rogers III, ECF No. 30 at 5.  See Nelson Rogers I; Nelson Rogers II. The prior claims resulted in final judgments against plaintiff.  Accordingly, the undersigned finds each factor in the claim preclusion analysis, and each sub-factor regarding the identity of claims, is satisfied.

Generally, the court advises plaintiffs of deficiencies in the complaint and gives plaintiffs an opportunity to cure them if it appears at all possible the defects could be corrected. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Hence, on November 3, 2022, plaintiff was advised of the defects in her complaint and ordered to show cause why her claims should not be dismissed based on res judicata principles.  Nelson Rogers IV at ECF No. 11.  Plaintiff failed to respond to the court's order to show cause.

It is clear from the judicially noticeable documents, however,  that amendment would be

futile as plaintiff did not pay her mortgage, and has repeatedly failed to comply with pleading standards. Nelson Rogers IV, ECF No. 1 at 14; Nelson Rogers III, ECF Nos. 7-4; and ECF No. 12-2 at 17-31. Thus, the undersigned recommends that no leave to amend be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, it is RECOMMENDED that the action be DISMISSED WITH PREJUDICE and the clerk of court be directed to CLOSE this case.

### III. VEXATIOUS LITIGANT ORDER

The undersigned also recommends that plaintiff be deemed a vexatious litigant and that a pre-filing order be issued against her. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). "However, such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long, 912 F.2d at 1147).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers ... or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." CAL.CODE CIV. PRO. § 391(b)(3).

The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: plaintiff must be given adequate notice to oppose the order; the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; the court must make substantive findings

as to the frivolous or harassing nature of the litigant's actions; and the order must be narrowly tailored. See DeLong, 912 F.2d at 1147–48; Molski, 500 F.3d at 1057–58.

### A. Notice and Opportunity to Be Heard

The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. De Long, 912 F.2d at 1147. An in-person hearing is not required. See e.g., Ou-Young v. Roberts, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) ("This factor is met here because the United States requested the order via a regularly noticed motion and Plaintiff has had an opportunity to file and in fact did file a written opposition."); Reddy v. MedQuist, Inc., No. CV 12–01324 PSG, 2012 WL 6020010, at *3 (N. D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.") (internal quotation marks omitted).

On November 3, 2022, the court issued an order to show cause within fourteen days why a vexatious litigant order should not issue. See Nelson Rogers IV at ECF No. 11. To date, plaintiff has not filed a response. Therefore, the first factor is satisfied.

### B. Adequate Record for Review

A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1063 (9th Cir. 2014). The number of lawsuits filed by the litigant need not be numerous. See Boustred v. Government, No. C-08-00546-RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review"). Part I, above, sets forth in detail each of the cases and motions from which the undersigned concludes that a vexatious litigant order is necessary. See Part I, supra (discussing Nelson Rogers I-Nelson Rogers V). Therefore, the requirement that a district court compile a proper record for review is satisfied.

/////


## C. The Frivolous or Harassing Nature of Plaintiff's Litigation

To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir.1990) (absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989.)

In Nelson Rogers I, plaintiff filed three legally frivolous complaints. Nelson Rogers I, ECF No. 1 at 6. Although Magistrate Judge Claire informed plaintiff that her complaint lacked enough facts to state a claim, and provided her the legal standards to be met in order to state a claim, plaintiff continued to file claims lacking any factual support. Id., ECF No. 13 at 2. Plaintiff's continual filing of claims that lack any factual support demonstrates legally frivolous behavior. Neitzke, 490 U.S. at 325.

Additionally, plaintiff has continually sought to relitigate the same claims, a textbook example of frivolous behavior. See Nothwang v. Payless Drug Stores Northwest, Inc., 139 F.R.D. 675, 676 (D. Or. 1991) (holding complaint frivolous where prior decision had res judicata effect on claims raised in complaint); Hamblou v. Fortress Investment Group, 2017 WL 1833265, *3 (N.D. Cal. May 8, 2017) ("Notably, one of the purposes underlying the doctrine [of] res judicata is the need to protect against vexatious litigation.") (citing Brown v. Felsen, 442 U.S. 127, 131 (1979)). The fact that plaintiff continues to bring claims against Chase that have previously been dismissed, even after opportunities to amend, demonstrates frivolousness.

The Ninth Circuit has held that the five factors set forth in the opinion of the United States Court of Appeals for the Second Circuit in Safir v. United States Lines, Inc., are helpful in determining whether a pre-filing vexatious litigant order shall issue.

## D. Safir Factors

The five Safir factors are (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3)

whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Molski, 500 F.3d at 1058 (citing Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

### 1. Vexatious, harassing or duplicative history of litigation

The first factor weighs in favor of a pre-filing order. As discussed in Part I.C., above, plaintiff has continually brought claims against Chase regarding her former property. See Part I.C., supra.

### 2. Litigant's motive in pursuing the litigation

The second factor, plaintiff's motives and whether plaintiff has an objective good faith expectation in prevailing, weighs in favor of a pre-filing order. The court has informed plaintiff that her claim against Chase regarding her former property lacks merit. See Nelson Rogers III, ECF No. 30 at 8 (finding that plaintiff had no viable quiet title action). Thus, plaintiff cannot reasonably expect to prevail in future lawsuits against Chase regarding her property.

### 3. Whether the litigant is represented by counsel

Because plaintiff is not represented by counsel the court approaches the question of whether to issue a pre-filing order with due care. See De Long, 912 F.2d at 1147 (noting the use of pre-filing orders to curb access to courts should be done with care where a pro se litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories"). The undersigned finds this factor does not outweigh plaintiff's frivolous litigation tactics.

### 4. Burden on the courts and their personnel

The fourth Safir factor, whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, speaks directly to the factual scenario currently before the court. While the number of plaintiff's actions has not been inordinate, plaintiff's filings and motions have imposed substantial costs upon Chase and the court, both in terms of time and money. See, e.g., Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 1990) (finding despite fact that litigant only "filed over five claims," those claims arose "out of the same

set of operative facts," expended "a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court" had already found unsupported by facts or law as "sufficient justification for enjoining further complaints," but ultimately modifying district court's order as overbroad).

In addition to her frivolous complaints, plaintiff continues to burden the court by filing numerous frivolous motions and filings, including three notices of appeal with the Ninth Circuit, two of which were dismissed for failure to prosecute. Nelson Rogers II, at ECF Nos. 38, 41; Nelson Rogers III, at ECF Nos. 42, 46; Nelson Rogers IV, at ECF Nos. 15, 22. See Nelson Rogers II, at ECF No. 43 (denying plaintiff's motion to reconsider because plaintiff had not established new facts or circumstances); Nelson Rogers III at ECF No. 45 (denying plaintiff's request to seal and noting that the clerk's office was required to hold the filing until the court could review because plaintiff's intention in submitting the request was entirely unclear). Plaintiff has not shown any regard for the court's instructions, as she has ignored the court's multiple explicit instructions to state facts in her complaints and refiles the same claims.

Plaintiff's litigation tactics have also imposed a burden on Chase, which has been required to expend considerable resources seeking dismissal of plaintiff's suits and opposing the many frivolous filings plaintiff has made in those suits.

### 5. Availability of other sanctions

The fifth Safir factor also supports a pre-filing order. Because plaintiff has repeatedly failed to comply with the courts' instructions, monetary sanctions are unlikely to deter plaintiff from filing future frivolous actions.

Upon consideration of these factors and the Ninth Circuit's four-factor test in De Long, the undersigned finds a pre-filing vexatious litigant order is warranted. The undersigned recommends that plaintiff be deemed a vexatious litigant and that a narrowly tailored pre-filing order as set forth below be issued.

### E. Narrowly Tailored

Any pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior. Molski, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent

infringement of the litigator's right of access to the courts.'" De Long, 912 F.2d at 1148 (citing Woods v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1525 (9th Cir. 1983)). The undersigned recommends the following pre-filing order be entered against plaintiff: "Plaintiff must obtain leave of court before filing any further suits against Chase based on her former property. The Clerk of this Court shall not accept for filing any further complaints filed by plaintiff or on behalf of plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether plaintiff has stated a potentially cognizable claim in a short, intelligible, and plain statement."

## FINDINGS AND RECOMMENDATIONS

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice;
2. Plaintiff be declared a vexatious litigant;
3. Plaintiff be barred from filing further complaints against JP Morgan Chase alleging any claims against JP Morgan Chase regarding her former-residential property without seeking leave of court. If plaintiff wishes to file a complaint alleging any such claims, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of Court. The Clerk shall then forward the complaint, letter, and copy of this order to the duty judge for a determination whether the complaint should be accepted for filing; and
4. Any violation of this order will expose plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 23, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,nels.1799.