UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ALICE NELSON ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK,<br><br>Defendant. | No. 2:22-cv-01799-DAD-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 24) |

Plaintiff Mary Alice Nelson Rogers, proceeding *pro se*, initiated this civil action against defendant JP Morgan Chase Bank ("Chase") on October 11, 2022. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed because plaintiff's claims are barred by *res judicata*. (Doc. No. 24 at 7–8.) The magistrate judge also recommended that plaintiff be declared a vexatious litigant and that a narrowly tailored pre-filing order be issued because plaintiff is "a repeat, serial litigant whose multiple suits against Chase have made it clear that she will continue to inundate this district with frivolous litigation against Chase," concerning Chase's foreclosure of plaintiff's former residential property at 2072 50th Avenue, Sacramento, California. (*Id.* at 2, 8–13.) In the pending findings and recommendations, the magistrate judge described the five

1    actions that plaintiff has brought in this district concerning her former residential property, as well
2    as the many frivolous motions and appeals that plaintiff has filed in those actions.  (*Id.* at 1–6.)
3    The magistrate judge explained that "[t]he fact that plaintiff continues to bring claims against
4    Chase that have previously been dismissed, even after opportunities to amend, demonstrates
5    frivolousness." (*Id.* at 10.)  The magistrate judge also noted that although "the number of
6    plaintiff's actions has not been inordinate," plaintiff has substantially burdened the court with her
7    frivolous filings and "has not shown any regard for the court's instructions, as she has ignored the
8    court's multiple explicit instructions to state facts in her complaints," and instead she refiles the
9    same conclusory claims that have already been dismissed.  (*Id.* at 11–12.)  Consequently, the
10   magistrate judge recommends that the following pre-filing order be issued against plaintiff:

> Plaintiff must obtain leave of court before filing any further suits against Chase based on her former property.  The Clerk of this Court shall not accept for filing any further complaints filed by plaintiff or on behalf of plaintiff alleging any claims described [in the findings and recommendations dated January 23, 2023] until that complaint has first been reviewed by a judge of this court and approved for filing.  The pre-filing review will be made by the general duty judge who will determine whether plaintiff has stated a potentially cognizable claim in a short, intelligible, and plain statement.

17   (*Id.* at 13.)  The pending findings and recommendations were served on the parties and contained
18   notice that any objections thereto were to be filed within fourteen (14) days from the date of
19   service. (*Id.*)  On February 6, 2023, plaintiff filed objections to the pending findings and
20   recommendations. (Doc. No. 25.)  Defendant filed a response thereto but did not file objections
21   of its own. (Doc. No. 26.)

22          As defendant notes in its response, plaintiff's objections do not address the findings and
23   recommendations; plaintiff does not contest the conclusion that her claims are barred by *res*
24   *judicata* nor does she dispute that she has filed several frivolous lawsuits against Chase in this
25   district.  Rather, in her objections, plaintiff restates the legal standard under Federal Rule of Civil
26   Procedure 12(b)(6) and copies several paragraphs from law review articles discussing *pro se*
27   litigants' access to courts.  (Doc. No. 25 at 13–16); (*see, e.g.*, *id.* at 7–10) (quoting David R.
28   Hague, *Fraud on the Court and Abusive Discovery*, 16 Nev. L.J. 707, 718 (2016), without

1    attribution).  Indeed, in her 17-page objections, plaintiff does not even mention "vexatious," let
2    alone argue that a pre-filing order should not be entered against her.  In addition, this is not the
3    first time that plaintiff has had the opportunity to respond to these issues and chosen not to do so.
4    On November 3, 2022, the court issued an order requiring plaintiff to show cause why this action
5    should not be dismissed and why she should not be deemed a vexatious litigant with regard to the
6    lawsuits she has filed against Chase concerning foreclosure proceedings on her former residential
7    property.  (Doc. No. 11 at 5–6.)  Plaintiff did not file a response to that order to show cause.  In
8    short, plaintiff's objections provide no basis upon which to reject the findings and
9    recommendations.  The undersigned agrees with the magistrate judge's thorough analysis and
10   conclusion that the issuance of a pre-filing order is appropriate in this case and will adopt the
11   findings and recommendations.

12       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
13   *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's
14   objections and defendant's response, the court concludes that the findings and recommendations
15   are supported by the record and by proper analysis.

16       Accordingly:

17       1.    The findings and recommendations issued on January 23, 2023 (Doc. No. 24) are
18           adopted in full;
19       2.    This action is dismissed because plaintiff's claims are barred by *res judicata*;
20       3.    Plaintiff is declared a vexatious litigant subject to the pre-filing conditions set forth
21           herein and below;
22           a.    Plaintiff is barred from filing further complaints in this district against JP
23               Morgan Chase alleging any claims against JP Morgan Chase regarding her
24               former residential property without seeking leave of court;
25           b.    If plaintiff wishes to file a complaint alleging any such claims, she shall
26               provide a copy of any such complaint, a letter requesting that the complaint
27               be filed, and a copy of this order to the Clerk of the Court;
28   /////

        c.      The Clerk of the Court shall then provide the complaint, letter, and copy of this order to the duty judge for a determination on whether the complaint should be accepted for filing;

        d.      If the duty judge determines that the complaint shall not be accepted for filing, the Clerk of the Court shall return the complaint to plaintiff; and

        e.      Plaintiff is warned that any violation of this order will expose plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal; and

4.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 27, 2023**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE